UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL SEBENY,

    Plaintiff,

v.                                                    CASE NO. :

CURRY CABINETRY, INC.,
ANN CURRY, an individual, and
BRYAN CURRY, an individual,

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Michael Sebeny ("Plaintiff"), by and through undersigned counsel, brings this action against Defendants, Curry Cabinetry, Inc., and in their individual capacity Ann Curry and Bryan Curry ("Defendants"), and in support of his claims states as follows:

## JURISDICTION AND VENUE

1. This is an action for damages under the Fair Labor Standards Act ("FLSA"), and for violations of the Florida Constitution, Article X, Section 24, as well as the Florida Minimum Wage Act ("FMWA"), Fla. Stat. § 448.110, and violations of Florida Private Whistleblower's Act ("FPWA"), Section 448.102 Fla. Stat.

2. This Court has subject matter jurisdiction of this action under 28 U.S.C. § 1331 and 29 U.S.C. § 201 et seq. Exercise of supplemental jurisdiction over Plaintiff's state law claims is appropriate under 28 U.S.C. § 1367(c).

3. Venue is proper in the Middle District of Florida, because all of the events giving rise to these claims occurred in Hillsborough County, Florida.

## PARTIES

4. Defendants operates an architectural millwork company that manufactures and installs architectural millwork in Tampa, Florida, in Hillsborough County.

5. Defendant Curry Cabinetry, Inc., is a Florida corporation owned and managed by Ann Curry and Bryan Curry. Defendant Curry Cabinetry, Inc. operates a carpentry and cabinet installation business.

6. Defendants hired Plaintiff to work as an Estimator and was quickly promoted to Director of Operations and Project Manager in Tampa, Florida

7. Defendants Ann Curry and Bryan Curry are the Co-Owners of Defendant Curry Cabinetry, Inc., and, in this capacity, Defendants Ann Curry and Bryan Curry were responsible for setting Plaintiff's wages and scheduling the hours worked by Plaintiff.

8. Defendants Ann Curry and Bryan Curry controlled all facets of Plaintiff's employment, in all of the duties that Plaintiff was assigned to perform. Defendants controlled the day-to-day activities of Curry Cabinetry, Inc. Together, Ann Curry and Bryan Curry made all hiring and employment decisions, and exercised complete control over the hours and wages of Plaintiff. In particular, Defendants Ann Curry and Bryan Curry were responsible for determining Plaintiff's rate of compensation, and had the authority, directly or indirectly, to modify Plaintiff's working conditions.

9. Thus, Defendants Ann Curry and Bryan Curry are also an "employer" within the meaning of the FLSA, 29 U.S.C. § 203 (d).

**GENERAL ALLEGATIONS**

10. At all times material hereto, Plaintiff was "engaged in the production of goods" for commerce within the meaning of Section 6 and 7 of the FLSA, and was thus subject to the individual coverage of the FLSA.

11. As part of his regular job duties for Defendants, Plaintiff routinely and regularly used and/or handled items moving in the stream of commerce. For example, construction tools and manufactured commercial cabinets.

12. At all times material hereto, Plaintiff was an "employee" of Defendants within the meaning of the FLSA.

13. At all times material hereto, Defendants Curry Cabinetry, Inc., and Ann Curry and Bryan Curry were "employers" within the meaning of the FLSA.

14. Defendants continue to be "employers" within the meaning of the FLSA.

15. At all times material hereto, Curry Cabinetry, Inc., was, and continues to be, an enterprise engaged in the "providing services for commerce" within the meaning of the FLSA.

16. At all times material hereto, the annual gross sales volume of Defendant Curry Cabinetry, Inc., exceeded $500,000 per year. Thus, Curry Cabinetry, Inc., was an enterprise covered by the FLSA under 29 U.S.C. §§ 203(r) and 203(s).

17. At all times material hereto, the work performed by Plaintiff was integral and essential to the business performed by Defendants.

18. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the FPWA, Section 448.101(2), Fla. Stat.

19. At all times material hereto, Defendant was an "employer" within the meaning of the FPWA, Section 448.101(3), Fla. Stat.

20. At all times material hereto, Defendant was an employer within the meaning of Section 5(a)(1) The Occupational Act of 1970 ("OSHA").

21. Plaintiff has satisfied all conditions precedent, or they have been waived.

22. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

23. Plaintiff requests a jury trial for all issues so triable.

## FACTS

24. Plaintiff worked for Defendants from August 2016 to April 9, 2020 as an Estimator and the Director of Operations and as a Project Manager.

25. At all times material hereto, Plaintiff worked hours at the direction of Defendants, and Plaintiff was not paid at least the applicable FLSA minimum wage for all of the hours that he worked.

26. At all times material hereto, Plaintiff worked hours at the direction of Defendants, and Plaintiff was not paid at least the applicable State of Florida minimum wage for all of the hours that he worked, in accordance with the Florida State Constitution and the FMWA.

27. By failing to pay Plaintiff at all for the period of time from March 28, 2020, through April 9, 2020, Defendant failed to pay Plaintiff a minimum wage.

28. As a Project Manager for Curry Cabinetry, Inc., Plaintiff was in charge of a project that was to begin installation of commercial cabinetry in an Assisted Living Facility on March 23, 2020.

29. Plaintiff questioned the start of the installation at the Assisted Living Facility due to the unknown hazards for the employees and others and the necessary safety precautions necessary due to the novel coronavirus pandemic if the project began on March 23, 2020.

30. Plaintiff was appropriately concerned for the safety and health of the employees.

31. Plaintiff endeavored to arrange a conversation with the general contractor first before sending the employees to the job site, and emailed Ann Curry and Bryan Curry of his intention.

32. Plaintiff received a response from Ann Curry, president of Curry Cabinetry that he was not in a position to question the safety of the employees and put a "hold" on an installation and had overstepped his position.

33. On or about the morning of March 23, Plaintiff, Bryan Curry and the general contractor discussed the project and, when asked by the general contractor if the project was to begin, Plaintiff responded affirmatively as directed by Ann Curry and Bryan Curry. The project began as scheduled and Plaintiff worked as the Project Manager.

34. However, on March 26, 2020, Ann Curry and Bryan Curry announced Curry Cabinetry, Inc., would be closing for two weeks.

35. Despite the announced closure on March 26, 2020, Defendants Curry Cabinetry, Inc., Ann Curry and Bryan Curry, required all management, including Plaintiff, to receive and respond to calls, messages, and otherwise suffered or permitted them, including Plaintiff, to work on behalf of the Defendants for which they were not paid at all.

36. On April 9, 2020, Plaintiff's wife received an email from Ann Curry and Bryan Curry containing a termination letter dated March 23, 2020, indicating Plaintiff had been terminated as of March 23, 2020 due to insubordination for questioning the health and safety of the Defendant's employees, as well as others, at the Assisted Living Facility project.

37. Defendants' actions were willful, and showed reckless disregard for the provisions of the FLSA.

## COUNT I – FLSA MINIMUM WAGE VIOLATION

38. Plaintiff realleges and readopts the allegations of paragraphs 1 through 37 of this Complaint, as though fully set forth herein.

39. During the statutory period, Plaintiff worked for Defendants, and he was not paid the applicable statutory minimum wage for the hours that he worked, as mandated by the FLSA.

40. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

41. As a result of the foregoing, Plaintiff has suffered damages.

*WHEREFORE*, Plaintiff demands:

    a) Judgment against Defendants for an amount equal to Plaintiff's unpaid back wages, computed at the applicable statutory minimum wage;

    b) Judgment against Defendants, stating that Defendants' violations of the FLSA were willful;

    c) An amount equal to Plaintiff's minimum wage damages as liquidated damages;

    d) To the extent liquidated damages are not awarded, an award of prejudgment interest;

    e) A declaratory judgment that Defendants' practices as to Plaintiff were unlawful, and a grant of equitable relief to Plaintiff;

    f) All costs and attorney's fees incurred in prosecuting these claims; and

    g) For such further relief as this Court deems just and equitable.

## **COUNT II – FLORIDA MINIMUM WAGE ACT VIOLATION**

42. Plaintiff realleges and readopts the allegations of Paragraphs 1 through 37 of this Complaint, as though fully set forth herein.

43. Plaintiff has exhausted all of his administrative and pre-suit requirements under Fla. Stat. § 448.110. Specifically, Plaintiff has notified Defendants of the deficiency in his wages in writing. In this written notice, Plaintiff identified the applicable State minimum wage at issue, provided actual dates and hours or accurate estimates of all of the periods of employment for which minimum wage payment is sought, and listed the total amount of his alleged unpaid wages through the date of the notice.

44. During the statutory period, Defendants did not pay Plaintiff the applicable Florida statutory minimum wage, as Defendants were required to do under Section 24, Article X of the Florida Constitution and the FMWA.

45. As a result of the foregoing, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff demands:

    (a) A jury trial for all issues so triable;

    (b) That process issue, and that this Court assert jurisdiction over these claims;

    (c) Judgment against Defendants for an amount equal to Plaintiff's unpaid wages, computed at a hourly rate equal to the applicable State of Florida minimum wage;

    (d) Judgment against Defendants, stating that their violations of the FMWA were willful;

(e) Liquidated damages in an amount equal to Plaintiff's unpaid wages, computed at a hourly rate equal to the applicable State of Florida minimum wage;

(f) To the extent that liquidated damages are not awarded, an award of prejudgment interest;

(g) A declaration that Defendants' practices as to Plaintiff were unlawful, and a grant of equitable relief to Plaintiff;

(h) All costs and attorneys' fees incurred in prosecuting these claims; and

(i) For such further relief as this Court deems just and equitable.

## COUNT III – RETALIATION UNDER THE FPWA

46. Plaintiff realleges and readopts the allegations of paragraphs 1 through 37 of this Complaint, as though fully set forth herein.

47. Plaintiff opposed and refused to participate in Defendant's violation of Section 5(a)(1) of the Occupational Safety and Health Act of 1970, thereby engaging in protected activity under the FPWA.

48. Defendant retaliated against Plaintiff for engaging in protected activity under the FPWA by terminating his employment.

49. Plaintiff was injured by Defendant's violations of the FPWA, for which he is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

a) A jury trial on all issues so triable;

b) That process issue and that this Court take jurisdiction over the case;

c) Judgment against Defendant in the amount of Plaintiff's lost wages, benefits, and other remuneration;

      d)      Any other compensatory damages allowable at law;

      e)      All costs, attorney's fees, and reasonable expenses incurred in prosecuting these claims, in accordance with Fla. Stat. §448.104; and

      f)      For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 28th day of October, 2020.

      Respectfully submitted,

*/s/ Brandon J. Hill*
**BRANDON J. HILL**
Florida Bar Number: 0037061
Direct Dial: 813-337-7992
**AMANDA E. HEYSTEK**
Florida Bar Number: 0285020
Direct Dial: 813-379-2560
**WENZEL FENTON CABASSA, P.A.**
1110 N. Florida Avenue, Suite 300
Tampa, Florida 33602
Main Number: 813-224-0431
Facsimile: 813-229-8712
Email: bhill@wfclaw.com
Email: aheystek@wfclaw.com
Email: aketelsen@wfclaw.com
**Attorneys for Plaintiff**