# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**MICHAEL SEBENY,**

     **Plaintiff,**

**v.**                 **CASE NO:  8:20-cv-2521-T-30TGW**

**CURRY CABINETRY, INC.**

     **Defendant.**

_____/

## JOINT MOTION FOR APPROVAL OF SETTLEMENT

Plaintiff, Michael Sebeny, and Defendant, Curry Cabinetry, Inc., ("Curry") (collectively, the Parties), and pursuant to this Court's Order (ECF No. 21), move for approval of the Parties' Settlement Agreement and Release and for dismissal of all claims in this case with prejudice. In support of this Motion, the Parties state as follows:

1.     Plaintiff filed the instant lawsuit on October 28, 2020 (ECF No. 1).

2.     The Complaint includes four counts: Count I – Fair Labor Standards Act (FLSA) Minimum Wage Violation; Count II – Florida Minimum Wage Act (FMWA) Violation; and Count III – Violations of the Florida Private Whistleblower Act (FPWA).

3.     Curry asserts that Plaintiff was not owed any amounts and was paid minimum wage. Curry also maintains that it did not violate the FPWA.

4.     Curry has identified several compelling defenses that could prohibit

Plaintiff from recovering any amounts whatsoever, including:

- Curry acted in good faith and is therefore not subject to the liquidated damages provisions of the FLSA or FMWA.

- Plaintiff was in fact paid amounts at least equal to minimum wage under the FLSA and FMWA.

- Plaintiff was paid all amounts owed.

- Plaintiff did not engage in protected activity pursuant to the FPWA.

5.   To avoid the risks, as well as the costs of protracted litigation, the Parties desire to fully and finally resolve this action with prejudice, as to all counts, claims, and parties. After a full review of the facts and information, the Parties, who have been represented by experienced counsel at all times, agree that the negotiated terms of the settlement represent a fair, reasonable, and just compromise of disputed issues.

6.   The settlement provides that Curry will pay the gross amount of $2,000.00 to Michael Sebeny.

7.   In exchange for these payments, Plaintiff has agreed to dismiss and release all of his claims.

## MEMORANDUM OF LAW

In the context of a private lawsuit brought by a putative employee against a putative employer under Section 216(b) of the FLSA, an employee may settle and release FLSA claims if the parties present the district court with a proposed settlement, and the district court enters a stipulated judgment approving the

fairness of the settlement. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). The district court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354.

A court should presume a settlement is fair and reasonable. *Zdun v. Virtu Cathedral Assocs., LLC*, No. 3:17-CV-579-J-39PDB, 2018 WL 3761024, at *3 (M.D. Fla. May 14, 2018) (citing *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977)), *report and recommendation adopted,* No. 3:17-CV-579-J-39PDB, 2018 WL 3756968 (M.D. Fla., June 13, 2018). The factors for evaluating whether the settlement is fair include:

> (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of the counsel.

*Id.* (citing *Leverso v. SouthTrust Bank of AL., Nat. Assoc.*, 18 F.3d 1527, 1531 (11th Cir. 1994)).

## I.     The Settlement Agreement's Terms.

The Settlement Agreement is attached as Exhibit A. Under the terms of the Agreement, Curry will pay to Michael Sebeny the gross amount of $1,500.00 for his Minimum Wage claims and an additional $500.00 for his FPWA claim. The settlement sums for Plaintiff are more than half of the total individual recoveries he could have sought at trial including liquidated damages. These amounts fairly balance the monetary amounts at issue in the case with the inherent risks in proceeding with litigation.

The Agreement also provides that Curry will pay Plaintiffs' counsel $2,500.00 in attorneys' fees and costs. These fees and costs were negotiated separately from the amount payable to Plaintiffs under the Agreement, and the Parties stipulate this sum is reasonable in light of the stage of proceedings and the work performed to date by Plaintiffs' counsel.

II.   **The Relevant Factors Show the Settlement Is Fair and Reasonable.**

As discussed above, Curry denies that it owes Plaintiff any additional amounts, and Plaintiff acknowledges that the settlement amounts represent fair recoveries for his claims. The parties therefore believe they have reached a fair settlement.

The settlement involves no fraud or collusion. The proposed settlement arises from an action brought by Plaintiff against his alleged former employer and this action was adversarial in nature. No fraud or collusion exists when both parties are represented by counsel and the amount paid to the plaintiff appears fair. *See, e.g., Helms v. Cent. Fla. Reg'l Hosp.*, No. 605-CV383-ORL-22JGG, 2006 WL 3858491, at *4 (M.D. Fla. Dec. 26, 2006) (taking into account the parties' representation by counsel in evaluating fairness of an FLSA settlement and finding no suggestion of collusion where the parties stipulated that the settlement was fair and reasonable). Here, each party was represented by experienced counsel. The undersigned counsel represent to the Court that there was no fraud or collusion.

The probability of success on the merits and the complexity, expense, and length of future litigation also favor settlement. This settlement is a reasonable means for the Parties to minimize future risk and litigation costs. The Parties agree that they have been able to properly evaluate the claims and that Plaintiffs have at all times been represented by counsel. In agreeing to the proposed settlement, the Parties had sufficient information and conducted an adequate investigation to allow them to make an educated and informed analysis of the claims. Plaintiff's recovery is more than half the amount he could have sought at trial. Counsel for Plaintiff and for Curry believe the settlement to be fair and reasonable.

### III.   Attorneys' Fees Were Negotiated Separately and Are Reasonable.

As part of the Parties' settlement, the attorneys' fees and costs were negotiated separately from the amounts claimed by Plaintiffs for their underlying claims and are not a function of any percentage of recovery. When a "plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel." *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009).

Here, Curry's payment of $2,500.00 for Plaintiffs' attorneys' fees and costs satisfies all attorneys' fees and costs to Plaintiffs' counsel. The amount of attorneys' fees and costs constitutes a fair and reasonable compromise.

## **CONCLUSION**

For all the above reasons, the Parties respectfully request this Court approve the Settlement Agreement and dismiss all claims asserted by Plaintiff in this action with prejudice, retaining jurisdiction to enforce the Settlement Agreement as necessary.

Dated this 24th day of March, 2021.

Respectfully submitted,

*/s/ Brandon J. Hill*
BRANDON J. HILL
Florida Bar Number: 0037061
bhill@wfclaw.com
AMANDA E. HEYSTEK
Florida Bar Number: 0285020
aheystek@wfclaw.com
WENZEL FENTON CABASSA, P.A.
1110 N. Florida Avenue, Suite 300
Tampa, FL 33602
Tel: (813) 224-0431
Fax: (813) 229-8712
*Attorneys for Plaintiff*

*/s/ Laura E. Prather*
Laura E. Prather, B.C.S.
Florida Bar No.: 870854
laura.prather@jacksonlewis.com
JACKSON LEWIS, P.C.
100 South Ashley Drive, Suite 2200
Tampa, Florida 33602
Telephone: (813) 512-3210
Facsimile: (813) 512-3211
*Attorneys for Defendant*